IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVENFLOW PLUMBING COMPANY, INC., | No. C-3:04-cv-00795 EDL |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO STRIKE TRIAL TESTIMONY AND EXCLUDING PLAINTIFF'S EXHIBITS FIVE AND SIX** |
| v. | |
| PACIFIC BELL DIRECTORY, | |
| Defendant. | |

At the April 18, 2005 court trial in this case, Plaintiff's counsel elicited testimony from Plaintiff's witness, Shawny Hoops, regarding the amount of actual damages that Plaintiff sustained as a result of Defendant's copyright infringement. When questioned about the amount of profit that Plaintiff would have realized from the Sousa & Viviani contracts had those contracts been awarded to Plaintiff rather than to All American Plumbing, Ms. Hoops testified that to determine the profit, she examined each All American contract, determined what costs Plaintiff would have incurred in performing the job, subtracted Plaintiff's direct costs and made the calculations contained in Plaintiff's exhibits marked five and six for identification. Those exhibits were not submitted to the Court until the day of trial, nor to opposing counsel until late on April 14, 2005. Defendant objected and moved to strike Ms. Hoops' testimony on this issue on the ground that Plaintiff failed to disclose the documents on which Ms. Hoops relied. For the same reason, Defendant also moved to exclude the exhibits. The Court deferred ruling on the motions and took her testimony subject to a motion to strike.

Although Plaintiff argued that Ms. Hoops could testify without reliance on the exhibits, her testimony demonstrated that she could not state the amount of lost profits on the contracts without reference at trial to the exhibits, consisting of two binders of information containing her calculations. She

was not asked and did not offer testimony about any general profit margin that Plaintiff includes in its bids. She testified that she compiled the profit information in the binders about one month before trial.

The Federal Rules of Civil Procedure and this Court's Pretrial Order impose a continuing duty on parties to supplement their initial Rule 26(a) disclosures with information thereafter acquired. See Fed. R. Civ. Proc. 26(e)(1); see also July 9, 2004 Case Management and Pretrial Order for Jury Trial at 2:16-22 ("Rule 26(e)(1) of the Federal Rules of Civil Procedure requires all parties to supplement or correct their initial disclosures, expert disclosures, pretrial disclosures, and responses to discovery requests under the circumstances itemized in that Rule, and when ordered by the Court. The Court expects that the parties will supplement and/or correct their disclosures promptly when required under that Rule, without the need for a request from opposing counsel. In addition to the general requirements of Rule 26(e)(1), the parties will supplement and/or correct all previously made disclosures and discovery responses 28 days before the fact discovery cutoff date."). Further, the Court's Pretrial Order required all exhibits to be submitted to the Court no later than March 9, 2005. See July 9, 2004 Order at 4:11-12; 6:25-27. A party that without substantial justification fails to supplement its disclosures under Rule 26(e)(1) is not, unless the failure is harmless, permitted to use as evidence at trial any information not so disclosed. See Fed. R. Civ. Proc. 37(c)(1).

Despite the continuing duty to supplement under Rule 26(e)(1) and this Court's July 9, 2004 Order, Plaintiff's counsel conceded that he had not supplemented his disclosures with the information about Plaintiff's profit that Ms. Hoops compiled. Counsel offered no substantial justification for the failure to supplement the disclosures; he stated only that the failure was an oversight. Counsel's argument that Defendant should have asked for that information is not persuasive, given the continuing duty to supplement and the Court's February 15, 2005 summary judgment order highlighting the issue of copyright infringement damages based on lost profits remaining for trial. The failure to produce these documents was not harmless because Defendant was unable to test Ms. Hoops' conclusions about profit through pretrial deposition or to review her exhibits before trial and could not adequately prepare for cross-examination at trial.

Accordingly, Ms. Hoops' testimony that Plaintiff lost profits in the amount of $147,073.03 is stricken. Further, exhibits five and six are excluded based on Plaintiff's failure to disclose the underlying supporting documents and based on their untimely submission to the Court on the morning of trial.

2

**IT IS SO ORDERED.**

Dated: April 26, 2005                                   /electronic signature authorized/
                                                        ELIZABETH D. LAPORTE
                                                        United States Magistrate Judge